```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-20852-Civ-HUCK
                         MAGISTRATE JUDGE P.A. WHITE

EARL TRAVIS CAMPBELL,         :

     Petitioner,              :
v.
                              :      REPORT OF
WALTER A. McNEIL,                 MAGISTRATE JUDGE
                              :
     Respondent.
_____:
```

Introduction

Earl Travis Campbell has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction for second degree murder with a firearm, entered following a jury verdict in Miami-Dade County, Circuit Court, case no. F98-334.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE#1) with supporting memoranda and exhibits (DE#s2,24), the Court has the petitioner's response to an order regarding the limitations period (DE#18), and the respondent's response to an order to show cause with supporting exhibits (DE#s14,16).

Claims

The petitioner raises the following grounds for relief:

1.  He was denied effective assistance of counsel, where his lawyer failed to object when the court did not swear in the venire prior to commencement of voir dire. (DE#1:6).

2.  He was denied effective assistance of counsel, where his lawyer failed to interview and depose a key defense witness, Antonio Green. (DE#1:7).

3.  He was denied effective assistance of counsel, where his lawyer erroneously "opened the door" which permitted the prosecution to make damaging and prejudicial statements during closing argument. (DE#1:9).

4.  He was denied effective assistance of counsel, where his lawyer misadvised him regarding his right to testify. (DE#1:10).

5.  He was denied effective assistance of counsel, where his lawyer failed to have the petitioner mentally evaluated. (DE#1:11).

6.  He was denied effective assistance of counsel, where his lawyer failed to impeach a prosecution witness. (DE#1:13).

Procedural History

The petitioner was charged by Information with the offense of second degree murder with a firearm.[1] (DE#16:Ex.A:1-3). The petitioner proceeded to trial, where he was found guilty as charged, following a jury verdict. (DE#16:Ex.A:60). The trial court adjudicated the petitioner guilty, and sentenced him to a term of life imprisonment. (DE#16:Ex.A:65-71). The petitioner prosecuted a

---

[1] In brief, the petitioner killed the victim Brian Brewton. Brewton died of a single gunshot wound to the head. The evidence established that an altercation arose between Antonio Green, a relative of the petitioner, and the victim, during which the petitioner was present. Thereafter, the victim and the petitioner also began exchanging words, at which time the petitioner cocked a gun and started firing at the victim's feet. As the victim attempted to escape, the petitioner shot him in the head. For a detailed recitation of the facts of the case with specific citations to the lengthy trial transcript, see the briefs on appeal filed in the direct appeal. (DE#16:Exs.F-G).

direct appeal from his conviction and sentence, raising the sole claim that the prosecutor's improper comments during closing argument were so prejudicial that it warranted vacatur of his conviction. (DE#16:Ex.F). On February 27, 2002, the conviction was *per curiam* affirmed. See Campbell v. State, 807 So.2d 801 (Fla. 3 DCA 2002); (DE#16:Exs.E-H). For purposes of the federal AEDPA's one year statute of limitations, the conviction became final at the latest on May 28, 2002, ninety days after the conviction and sentence were affirmed on direct appeal. See 28 U.S.C. §2244(d)(1)(A);[2] Jimenez v. Quarterman, 555 U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A); see also Burton v. Stewart, 549 U.S. ___, 127 S.Ct. 793 (2007).[3]

The federal limitations period ran unchecked for **90 days**, from May 28, 2002 until August 27, 2002, when the petitioner returned to the trial court filing a postconviction motion pursuant to

---

[2]The statute provides that the limitations period shall run from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[3]In Burton, a §2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court held that the sentence is the judgment, and that the limitations period does not begin until both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. Id. 798-799.

Fla.R.Crim.P. 3.850, raising grounds one through five of this federal petition, as listed above. (DE#16:Ex.J). In subsequent amendment to his Rule 3.850 motion, the petitioner raised claim six of this federal petition, as listed above. (DE#16:Ex.Z). Petitioner was appointed counsel and several evidentiary hearings were had, after which the prosecution entered a 29-page response to the petitioner's motion. (DE#16:Ex.P). On August 21, 2006, the trial court entered a lengthy, detailed order denying the petitioner's Rule 3.850 motion. (DE#16:Ex.Q). The court's order certified that it was furnished to the petitioner, "Earl Campbell," by mail on September 5, 2006. (DE#16:Ex.Q). The order became final, at the latest on October 5, 2006, 30 days after the Order was mailed to the petitioner and the time expired for filing a notice of appeal therefrom.[4]

The limitations period next ran unchecked for **290 days**, almost 10 months, from October 5, 2006 until August 22, 2007, when the petitioner filed in the Florida Third District Court of Appeal a petition, seeking a belated appeal from the denial of his Rule 3.850 motion. (DE#16:Ex.S). The petitioner claimed that he had never received the trial court's order denying his Rule 3.850 motion entered on August 21, 2006, which certified it had been mailed on September 5, 2006. (Id.). He asserted that after "growing impatient" when no order had been forthcoming on his motion, on June 7, 2007, the petitioner sent a Notice of Inquiry to the trial court, who responded, enclosing a copy of the court's order. (Id.). Ultimately, the appellate court granted the petition and the

---

[4]A state post-conviction or collateral motion remains "pending," and thus tolls under §2244(d)(2), for the time during which the petitioner could have appealed the denial of his postconviction motion, even if the petitioner did not file an appeal or timely appeal. See Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11 Cir.2006)(addressing Fla.R.Crim.P. 3.800 motion).

4

petitioner was permitted to seek belated appellate review. (DE#16:Ex.V). The denial of the Rule 3.850 motion was ultimately affirmed by the appellate court in a *per curiam* decision without written opinion. Campbell v. State, 2009 WL 2055210 (Fla. 3 DCA 2009)(table); (DE#16:Ex.DD). Rehearing and rehearing *en banc* were denied, and the mandate issued on October 22, 2009. (DE#16:Exs.EE-II).

## Statute of Limitations

The limitations period once again ran unchecked for **147 days**, just shy of five months, from October 22, 2009 until March 19, 2010, when the petitioner then came to this court filing the instant federal petition on March 19, 2010.[5]

The respondent asserts correctly that this petition is time-barred pursuant to 28 U.S.C. §2244(d), warranting dismissal of the petition. (DE#14). Full and careful review of the record has revealed that the respondent's recent assertion of time-bar is meritorious and this petition should be dismissed as time-barred for the reasons indicated immediately below.[6]

---

[5]Most notably, neither the initial petition nor the supporting memorandum were dated, nor do they show having been mailed out of a Florida correctional institution. Thus, for purposes of the filing date, the petitioner has conceded that the petition was filed on March 19, 2010. (See DE#18:2).

[6]The undersigned disagrees with the respondent's calculation method used to arrive at his conclusion that this petition is time-barred. For example, the respondent did not always use the date the petitioner's *pro se* pleading was signed and provided to prison authorities for mailing, but used the actual court-stamp date for filing. Florida also recognizes the "mailbox" rule. See Griffin v. Sistuenck, 816 So.2d 600, 601 (Fla. 2002)(date of service in prisoner's certificate of service was used as filing date), citing, Haag v. State, 591 So.2d 614 (Fla. 1992)(a pro se prisoner's motion is considered to be filed when it is handed over to prison personnel for mailing). See also Haines v. State, 641 So.2d 464 (Fla. 4 DCA 1994). Nevertheless, this Court agrees with the respondent's conclusion that this petition has been filed beyond the applicable one-year statute of limitations.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[7] 28 U.S.C. §2244(d)(2).

Moreover, the one-year limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

As will be recalled, the judgment of conviction and sentence

---

[7]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

under attack in the instant case became final at the latest on May 28, 2002, ninety days after time expired for seeking certiorari review following the conclusion of the petitioner's direct appeal. See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant convictions was not filed until March 19, 2010, well-beyond one-year after the date on which the conviction and sentence became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, the petitioner pursued postconviction challenges to his conviction and sentence in both the state trial and appellate courts. Based upon the record here as set-forth above, the one-year limitation period commenced running on May 28, 2002. From that date, the petitioner waited **90-days** before filing on August 27, 2002, his Rule 3.850 postconviction motion. This matter remained pending until October 5, 2006, when the time expired for appealing the trial court's order denying the motion.

However, no proper postconviction proceedings were pending in the state courts for the next **290-days** until the petitioner filed a petition for belated appellate review of the denial of his Rule 3.850 motion on August 23, 2007. At that juncture, the one-year federal limitations period had already expired, as a total of **380-days** were untolled. This Court also points out that the petitioner waited an additional **147-days** after all state postconviction proceedings had concluded before filing the instant federal petition on March 19, 2002. The petition is not timely. In other words, after giving the petitioner all the tolling time credit for which he is entitled, his petition was due in this Court on or

before August 8, 2007.

To further clarify how this Court arrived at the date of August 8, 2007, it is noted that the limitations period is not statutorily tolled during the time the petitioner sought and was granted a belated appellate review of the denial of his Rule 3.850 motion, because the proceedings were not commenced until August 23, 2007, after the one-year limitations period had already expired. See 28 U.S.C. §2244(d)(2).[8] Hollinger v. Secretary Dept. of Corrections, 334 Fed.Appx. 302, 304-305, 2009 WL 1833746, 2 (11 Cir. 2009), citing, Moore v. Crosby, 321 F.3d 1377, 1381 (11 Cir. 2003)(concluding that Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); McMillan v. Secretary for Dept. of Corrections, 257 Fed.Appx. 249, 253, 2007 WL 4258652, *3 (11 Cir. 2007)(concluding that Petitioner not entitled to statutory tolling for the 95-day period between the date the state trial court's denial of his 3.850 motion became final and the date he filed his petition for a belated appeal of that 3.850 denial); Tinker v. Moore, 255 F.3d 1331, 1333 (11 Cir. 2001)(explaining that where a Rule 3.850 motion is filed after the expiration of the one-year period, it does not toll the period under §2244(d)(2) because no period remains to be tolled). See also Moore v. Crosby, 321 F.3d 1377 (11 Cir. 2003)(holding that where a state court has granted leave to a petitioner to file a belated appeal, that permission does not relate back so as to toll the

---

[8]It is also pointed out that because the petitioner's belated appeal was not a direct appeal of his conviction, the recent United States Supreme Court case Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 686, 172 L.Ed.2d 475 (2009)(holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A).") does not affect the calculation of the petitioner's AEDPA clock. See Hollinger v. Secretary Dept. of Corrections, 334 Fed.Appx. 302, 305, n. 4 (11 Cir. 2009).

period between the expiration of the time to file a timely appeal and the granting of the belated appeal for AEDPA purposes); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Thus, in order for this petition to be deemed timely, the petitioner must demonstrate that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period. The petitioner has expressly addressed the limitations issue. (DE#18). The petitioner merely recites in a chronological fashion that based upon the recited relevant date as to the finality of his conviction and dates pertaining to the postconviction proceedings, for which he is entitled to tolling time credit, the instant petition is timely filed. Petitioner is mistaken, as indicated herein.

It also appears that the petitioner is asserting that his petition should be deemed timely filed in that he is entitled to equitable tolling of the limitations period from the date the Rule 3.850 motion was denied by the trial court (i.e., August 21, 2006) until the date he filed his petition for belated appeal (i.e., August 22, 2007), and then entitled to statutory tolling pursuant to 28 U.S.C. §2244(d)(2) through the conclusion of the appeal from the denial of his Rule 3.850 motion (i.e., until October 22, 2009). Id.

As will be recalled, in the state appellate court to obtain belated review, the petitioner stated that the Miami-Dade County Clerk of Court failed to mail him a copy of the denial of his Rule 3.850 motion entered on August 21, 2006, and that he only learned

9

of the trial court ruling after he filed a notice of inquiry, and the Clerk responded thereto, enclosing the order on June 27, 2007.

The petitioner's equitable tolling argument is meritless. As indicated, the Eleventh Circuit has held that AEDPA's one-year statute of limitations may be equitably tolled when a petitioner shows "'extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11 Cir. 2002)(*quoting* Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999)). See also Diaz v. Sec'y for the Dep't of Corr., 362 F.3d 698, 701 (11 Cir.2004). Equitable tolling is an extraordinary remedy and is applied "sparingly." Downs v. McNeil, 520 F.3d 1311, 1318 (11 Cir. 2008). Consequently, equitable tolling "is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11 Cir. 2005).

To determine whether such rare and exceptional circumstances are present, the court must examine the particular facts of the case and it is the petitioner who bears the burden of showing that an award of equitable tolling is warranted. Spottsville v. Terry, 476 F.3d 1241, 1245 (11 Cir. 2007), *citing*, Arthur v. Allen, 452 F.3d 1234, 1253 (11 Cir. 2006).

More pertinent to the circumstances of this case, the Eleventh Circuit stated in Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11 Cir. 2002) as follows: "A lengthy delay between the issuance of a necessary order and an inmate's receipt of it *might* provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition.*" Drew,

297 F.3d at 1288 (emphasis added), *citing*, Knight v. Schofield, 292 F.3d 709, 710-11 (11 Cir. 2002)(holding that a petitioner was entitled to equitable tolling of the AEDPA's statute of limitations because, despite his diligence, he did not learn about the state court's disposition of his state habeas corpus petition until eighteen months after the petition had been denied). See also Woodward v. Williams, 263 F.3d 1135, 1143 (10 Cir. 2001)("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."); Phillips v. Donnelly, 216 F.3d 508, 511 (5 Cir. 2000)(holding that a delay in receiving notice of denial of appeal warranted equitable tolling of limitations period to file federal habeas claim when petitioner pursued the process with diligence and alacrity), rehearing granted in part, 223 F.3d 797 (5 Cir. 2000). The Eleventh Circuit has cautioned, however, that "not in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts. Knight, 292 F.3d at 711.

Although the courts have held that equitable tolling might be appropriate in situations where the petitioner did not receive notification of the disposition of a relevant state proceeding, such tolling is not proper under the circumstances of this particular case. Even assuming for purposes of this federal proceeding that the petitioner did not receive notification that his Rule 3.850 motion had been denied until June 27, 2007, as he claims, the petitioner has not acted diligently, a burden necessary to sustaining his claim of extraordinary circumstances. Drew v. Department of Corrections, 297 F.3d at 1288. The record reveals that the petitioner took no action in the trial court for almost ten months until he sent a single notice of inquiry on June 7, 2007. Prior thereto, neither in the state petition for belated

11

appeal nor this habeas proceeding does the petitioner indicate he took any action to verify the status of his motion.

It also cannot be overlooked that the petitioner waited an additional **147-days** from the issuance of the mandate following affirmance of the denial his Rule 3.850 motion until the filing of the instant federal petition. The petitioner offers no explanation whatever for the delay in filing. Here, the state appellate court affirmed the state trial court's denial of the petitioner's Rule 3.850 motion and all the petitioner had left to do was file his §2254 petition. By that time, the petitioner had already exhausted all claims now raised in the instant federal petition through the state trial and appellate courts.

Thus, review of the record in this case reveals that the petitioner has not pursued the process with diligence and alacrity. He never attempted to ascertain from the trial court the status of his proper and timely Rule 3.850, between the conclusion of the evidentiary hearings on July 11, 2005, and then his notice of inquiry almost two years later on June 7, 2007.[9] He has, therefore, not sustained his burden of proving that the delay in receiving notification of the denial of the order warrants the application of the equitable tolling doctrine. See Phillips v. Donnelly, 223 F.3d at 797. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Knight v. Schofield, 292 F.3d at 711 (noting that "not in every case will a prisoner be entitled to equitable tolling until he receives notice.

---

[9]It should further be noted that he had no reservations in filing a mandamus petition on June 25, 2003, with the appellate court, claiming the trial court had failed to set his Rule 3.850 motion for hearing, which had been pending for over 180 days, and no hearing or ruling had been entered. (DE#16:Ex.M). The state responded that the Rule 3.850 motion had been set for October 2003. (DE#16:Ex.N). Thereafter, the appellate court denied the petition. (DE#16:Ex.O).

Each case turns on its own facts."); Perkins v. Ammons, 366 Fed.Appx. 86 (11th Cir. 2010); Webster v. Sec'y Dept of Corrections, 2010 WL 2595556 (11th Cir. 2010). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989). Petitioner has failed to establish that his untimely filing was the result of extraordinary circumstances that were beyond his control and unavoidable.

Moreover, it is well settled that the petitioner's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). Finally, the petitioner has not demonstrated that he was in any unconstitutional way prevented from timely filing this federal petition for writ of habeas corpus.

The time-bar is ultimately the result of the petitioner's failure to timely pursue state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on March 19, 2010, is untimely, the petitioner's claims challenging the lawfulness of his convictions are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and

13

should not be considered on the merits.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2), and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 29th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Earl Travis Campbell, Pro Se
    DC#M30674
    Northwest Florida Reception Center
    4455 Sam Mitchell Drive
    Chipley, FL 32428-3501

    Nicholas A. Merlin, Ass't Atty Gen'l
    Office of the Attorney General
    Department of Legal Affairs
    444 Brickell Avenue, Suite 650
    Miami, FL 33131